## No. 8881.

FIRST NATIONAL BANK OF FORT MORGAN *v.* DAILEY ET AL.

1. APPEAL AND ERROR—*Abstract.* Questions not presented by the abstract are not considered.

2. *Finding on Sufficient Evidence,* will not be disturbed.

*Error to Morgan District Court, Hon. H. S. Class, Judge. Department.*

Messrs. TAYLOR & PENDELL, for plaintiff in error.

Messrs. WORK & TWOMBLEY, for defendants in error.

Opinion by Mr. Justice Teller.

THE plaintiff in error was plaintiff below in a suit to foreclose a deed of trust which was given by defendant in error Daily to secure three notes, one for $4,000, and two for $1,000, each, payable to one Evans. One of these $1,000 notes fell due in October, 1913, and was paid; the other fell due in October, 1914, and the $4,000 note was due one year later. Interest was payable semi-annually. The More Investment Company was made a defendant as owner of the equity in the mortgaged property. A question is raised by the pleadings over Daily's obligation, under the deed of trust, to keep the buildings insured, the plaintiff claiming a right to recover sundry insurance premiums paid by it, but as the abstract does not include the deed of trust we are unable to determine that question; or as to the right in plaintiff to declare the whole debt due because of an alleged default in the covenant to insure. Parties are required to present in the abstract all parts of the record which are to be considered. At the time the second $1,000 note became due the holder thereof sent it to the plaintiff for collection. On November 7, 1914, Dailey borrowed of the plaintiff the sum of $1,200 with which to pay said note and interest.

This $1,200 note was not paid at maturity, and on April 7, 1915, according to the testimony of plaintiff's cashier, it acquired by purchase the $1,000 note due October 23, 1914, and the $4,000 note due one year later. On April 14, 1915, suit was begun to foreclose the deed of trust, it being alleged in the complaint that the plaintiff as holder of these two notes had elected to declare the whole debt due because of Dailey's failure to pay the interest due October 23, 1914. It was also alleged that the $1,000 note due on the last mentioned date was still unpaid.

The defendants contended that the $1,000 note, and all interest due in October, 1914, were paid by the $1,200 note, and that, consequently, there was nothing due when the suit was begun. The plaintiff, on the other hand presented evidence on the trial tending to sustain its claim that its agreement with Daily was that the $1,000 was to be held by it as collateral security to the $1,200 note. Dailey denied that there was such an agreement, and the books of the bank which were in evidence showed that said note and the interest coupons had been received for collection, and an entry of "paid" made as to each of them. On this clear conflict of evidence the trial court found for the defendants.

If the note and coupons were paid, there was no default which empowered the plaintiff to declare the $4,000 note due; hence the suit was prematurely brought and a nonsuit was proper. There is ample evidence to sustain the court's finding—which must have been that the $1,000 was not held unpaid as collateral—and we have no right to disturb it.

The judgment is affirmed.

Chief Justice White and Mr. Justice Scott concur.